UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEAN A. BIRCHARD,

    Petitioner,

v.                                              Case No. 8:21-cv-805-KKM-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

Dean A. Birchard, a Florida prisoner, filed a pro se amended petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions based on alleged errors of the trial court and alleged failures of his trial counsel. (Doc. 9.) Having considered the amended petition, (*id*.), the response opposing the petition as time-barred, (Doc. 12), and the reply, (Doc. 15), the amended petition is dismissed as time-barred. Because reasonable jurists would not disagree, Birchard is also not entitled to a certificate of appealability.

### I.  BACKGROUND

A state-court jury convicted Birchard of (1) lewd or lascivious molestation and (2) sexual battery on a person twelve or older but less than eighteen by a person in familial or custodial authority. (Doc. 12-2, Ex. 2.) The state trial court sentenced him to a total term of twenty years in prison. (*Id.*, Ex. 3.) The state appellate court per curiam affirmed the convictions. (*Id.*, Ex. 7.) Birchard subsequently moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Exs., 9, 11.) The state postconviction court rejected Birchard's

claims, and the state appellate court per curiam affirmed the denial of relief. (*Id.*, Exs. 14, 17.)

## II.     ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

**A. The Petition's Untimeliness Under 28 U.S.C. § 2244(d)**

The state appellate court affirmed Birchard's convictions on November 18, 2015. (Doc. 12-2, Ex. 7.) His convictions became final ninety days later, on February 16, 2016, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—February 17, 2016.

After 355 days of untolled time, on February 6, 2017, Birchard filed a motion for postconviction relief under Rule 3.850. (Doc. 12-2, Ex. 9.) The motion remained pending until the state appellate court's mandate issued on April 29, 2020. (*Id.*, Ex. 18.) The limitation period resumed the next day, leaving Birchard ten days—or until May 11, 2020—to file his § 2254 petition.[1] He missed the deadline by over ten

---

[1] The last day of the limitation period—May 10, 2020—fell on a Sunday. Accordingly, Birchard had until Monday, May 11, 2020, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C)

2

months, filing his original § 2254 petition on March 25, 2021.[2] (Doc. 1.) Accordingly, the petition is untimely.

### B. Equitable Tolling

Birchard contends that he is entitled to equitable tolling. (Doc. 15.) Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he

---

("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[2] Birchard filed his amended petition on June 23, 2021. (Doc. 9.) For purposes of this order, I assume that the amended petition relates back to the original filing date. *See* Fed. R. Civ. P. 15(c)(1).

3

burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649–50.

### 1. Postconviction Counsel's Alleged Delay in Filing Rule 3.850 Motion

Birchard seeks equitable tolling on the ground that his postconviction counsel failed to promptly file a Rule 3.850 motion. (Doc. 15 at 2.) Birchard alleges that, shortly after his convictions were affirmed on direct appeal, his family "retained [his appellate attorney] to handle" his Rule 3.850 motion. (*Id.*) Birchard claims he told postconviction counsel to "preserve [his] federal time (under AEDPA)." (*Id.*) Despite this instruction, counsel allowed the AEDPA limitation period to run for 355 days before filing a Rule 3.850 motion. (*Id.*) As a result, Birchard had only ten days to file his § 2254 petition once his Rule 3.850 proceedings concluded. (*Id.*) According to Birchard, by the time he received the appellate mandate in the mail, the limitation period had already expired.[3] (*Id.* at 2–3.)

These allegations are insufficient to justify equitable tolling. First, Birchard fails to show that counsel's conduct—waiting until ten days were left on the AEDPA limitation period to file a Rule 3.850 motion—qualifies as an "extraordinary circumstance." Birchard apparently believes that counsel made a mistake by waiting so long to file the motion. But "attorney negligence, even gross

---

[3] Birchard does not specify when he received the mandate.

4

or egregious negligence, does not by itself qualify as an extraordinary circumstance for purposes of equitable tolling." *Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231, 1242 (11th Cir. 2020) (citation omitted). Instead, a petitioner must establish "either abandonment of the attorney-client relationship, . . . professional misconduct[,] or some other extraordinary circumstance." *Id.*

Nothing of the sort is alleged here. Counsel did not "abandon[] . . . the attorney-client relationship." *Id.* To the contrary, he filed a timely Rule 3.850 motion, submitted a notice of appeal when the motion was denied, and briefed the ensuing appeal. (Doc. 12-2, Exs. 9, 11, 15, 16.) Birchard likewise fails to show that counsel engaged in "professional misconduct." *Clemons*, 967 F.3d at 1242. And he points to no other "extraordinary circumstance"—for example, "bad faith, dishonesty, divided loyalty, [or] mental impairment"—that could possibly support equitable tolling. *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236 (11th Cir. 2017). At most, counsel's delay in filing the Rule 3.850 motion amounts to "a garden variety claim of excusable neglect," which "does not warrant equitable tolling." *Holland*, 560 U.S. at 651.

Second, Birchard fails to establish that he exercised "reasonable diligence" in pursuing his rights. *Id.* at 653. Birchard says that, at some point during the representation, he told postconviction counsel to "preserve [his] federal time (under AEDPA)." (Doc. 15 at 2.) But Birchard fails to allege that he took any additional steps to ensure the prompt filing of his Rule 3.850 motion. For example, he does not claim that, after his initial instructions to counsel, he made any "effort to contact [counsel] or to determine if [counsel] had [promptly] filed the state postconviction motion." *Vahlkamp v. Sec'y, DOC*, No. 21-14052, 2022 WL 17752230,

5

at *2 (11th Cir. Dec. 19, 2022). Nor is there any allegation that Birchard "attempted to contact the state court about his case" or sought "to have [counsel] removed" so that he could file a Rule 3.850 motion sooner. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1072 (11th Cir. 2011). Birchard thus fails to show that he "pursu[ed] his rights diligently" during his state postconviction proceedings. *Holland*, 560 U.S. at 649.

Indeed, Birchard's lack of diligence is confirmed "by the fact that [he] waited for [over ten months] after the conclusion of his state postconviction proceedings before deciding to seek relief in federal court." *Chavez*, 647 F.3d at; *see also Pace*, 544 U.S. at 419 ("And not only did petitioner sit on his rights for years before he filed his [state postconviction] petition, but he also sat on them for five more months after his [state postconviction] proceedings became final before deciding to seek relief in federal court."); *Johnson v. Warden*, 738 F. App'x 1003, 1007 (11th Cir. 2018) ("Further, and separately, [petitioner] still had four days to file a timely § 2254 petition even following the final resolution of his [state postconviction] proceedings. Yet he waited 46 days to file it." (citations omitted)).

For all of these reasons, Birchard fails to show that postconviction counsel's conduct warrants the application of equitable tolling.

### 2. Lack of Access to Law Library and COVID-19 Restrictions

Birchard also contends that he is entitled to equitable tolling because, after he received the appellate mandate, "the law library was closed for many weeks and then was on a very limited 'DEADLINE ONLY' schedule" for "over a year." (Doc. 15 at 3.) But restricted access to a law library is not an extraordinary circumstance warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and

periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001) (stating that claims about an allegedly deficient prison law library were insufficient to establish an "extraordinary circumstance" warranting equitable tolling); *Miller v. Florida*, 307 F. App'x 366, 367–68 (11th Cir. 2009) (affirming dismissal of habeas petition as untimely and stating that "even restricted access to a law library, lock-downs, and solitary confinement," along with a lack of legal training and inability to obtain legal assistance, generally do not qualify as circumstances warranting equitable tolling).

Nor is Birchard entitled to equitable tolling based on the "dorm lockdowns, dorm quarantines," and "social distancing" that were implemented in his facility during the COVID-19 pandemic. (Doc. 15 at 3.) I find persuasive orders by the Eleventh Circuit concluding similarly when denying certificates of appealability. In one such order, the court stated that in accord with precedent, "lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling." *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022). In another order, the court determined that the petitioner "could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols." *Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. June

22, 2021). Similarly, the court also stated that "[w]hile the [COVID]-19 pandemic may have impacted [petitioner's] access to legal materials in the remaining [time left in the limitation period], his circumstances were not different than any other prisoner attempting to access legal resources." *Whitaker v. Comm'r, Ga. Dept of Corr.*, 2022 WL 2156663, at *2 (11th Cir. May 3, 2022).

In short, Birchard has not established that equitable tolling saves his untimely § 2254 petition. The petition is therefore dismissed as time-barred.[4]

### III. CERTIFICATE OF APPEALABILITY

Birchard is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, Birchard must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Birchard cannot satisfy the second prong of the *Slack* test. As Birchard is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Birchard's amended petition for writ of habeas corpus (Doc. 9) is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Birchard and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 4, 2024.

Kathryn Kimball Mizelle
United States District Judge

---

[4] Birchard does not argue that his untimely petition may be considered on the basis that new evidence demonstrates his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).